SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>MEZMERIZING LLAMA LLC, an Indiana limited-liability company; and CHARLES ATKINS, an individual,<br><br>Defendants. | Case No.: 2:11-cv-0008<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows Mezmerizing Llama LLC ("Mezmerizing Llama") and Charles Atkins ("Mr. Atkins"; collectively with Mezmerizing Llama known herein as the "Defendants"), on information and belief:

1

# NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

# PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mezmerizing Llama is, and has been at all times relevant to this lawsuit, an Indiana limited-liability company.

5. Mezmerizing Llama is, and has been at all times relevant to this lawsuit, the owner of the Internet domain found at <1911forum.com> (the "Domain").

6. Mezmerizing Llama is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) posted as part of the content accessible through the Domain (said content accessible through the Domain and the Domain itself known herein as the "Website"), as evidenced by a copyright notice displayed on the Website: "Copyright 2010 Mezmerizing Llama LLC. All Rights Reserved".

7. Mr. Atkins is, and has been at all times relevant to this lawsuit, identified on the Website as a "Senior Member" of the Website that is also known as "Trailboss60."

8. Mr. Atkins reproduced an unauthorized copy of the Righthaven-owned literary work entitled: "Lie face-down and let yourself be cuffed?" (the "Cuffed Work"), attached hereto as Exhibit 1, and posted said unauthorized copy (the "Cuffed Infringement"), attached hereto as Exhibit 2, on the Website.

# JURISDICTION

9. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

10. Righthaven is the owner of the copyright in the Cuffed Work.

11. At all times relevant to this lawsuit, the Cuffed Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

12. The Defendants willfully copied, on an unauthorized basis, the Cuffed Work from a source emanating from Nevada.

13. On or about October 12, 2010, the Defendants displayed, and continue to display, the Cuffed Infringement on the Website.

14. At all times relevant to this lawsuit, the Cuffed Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

15. The subject matter, at least in part, of the Cuffed Work and the Cuffed Infringement, is the shooting of man by police outside a Costco that is located in Summerlin, Nevada.

16. At all times relevant to this lawsuit, the Defendants knew that the Cuffed Work was originally published in the Las Vegas *Review-Journal*.

17. At all times relevant to this lawsuit, the Defendants knew that the Cuffed Infringement was of specific interest to Nevada residents.

18. At all times relevant to this lawsuit, the Cuffed Infringement, as publically displayed on the Website was and is accessible in Nevada.

19. At all times relevant to this lawsuit, the Cuffed Infringement occurred and continues to occur in Nevada.

20. The Defendants' display of the Cuffed Infringement was purposefully directed at Nevada residents.

21. Righthaven is the owner of the copyright in the literary work entitled: "Slaying of Army veteran shocks friends. Man shot by police was West Point grad." (the "West Point Work"; collectively with the Cuffed Work known herein as the "Works"), attached hereto as Exhibit 3.

22. At all times relevant to this lawsuit, the West Point Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

23. Mezmerizing Llama willfully copied, on an unauthorized basis, the West Point Work from a source emanating from Nevada.

24. On or about July 12, 2010, Mezmerizing Llama displayed, and continues to display, an unauthorized reproduction of the West Point Work (the "West Point Infringement"; collectively with the Cuffed Infringement known herein as the "Infringements"), attached hereto as Exhibit 4, on the Website.

25. The subject matter, at least in part, of the West Point Work and the West Point Infringement, is the shooting of man by police outside a Costco that is located in Summerlin, Nevada.

26. At all times relevant to this lawsuit, Mezmerizing Llama knew that the West Point Work was originally published in the Las Vegas *Review-Journal*.

27. At all times relevant to this lawsuit, Mezmerizing Llama knew that the West Point Infringement was of specific interest to Nevada residents.

28. At all times relevant to this lawsuit, the West Point Infringement, as publically displayed on the Website was and is accessible in Nevada.

29. At all times relevant to this lawsuit, the West Point Infringement occurred and continues to occur in Nevada.

30. Mezmerizing Llama's display of the West Point Infringement was purposefully directed at Nevada residents.

31. Mezmerizing Llama knew, or reasonably should have known, that websites, such as the Website, are and were at all times relevant to this lawsuit, the habitual subject of postings by others of copyright-infringing content.

32. At all times relevant to this lawsuit, Mezmerizing Llama did not institute any proactive policy of precluding or attempting to preclude the posting by others of copyright-infringing content on the Website.

33. At all times relevant to this lawsuit, Mezmerizing Llama did not institute any proactive policy of monitoring or attempting to monitor the posting by others of copyright-infringing content on the Website.

34. At all times relevant to this lawsuit, Mezmerizing Llama did not institute any proactive policy of deleting or attempting to delete the posting by others of copyright-infringing content on the Website.

35. At all times relevant to this lawsuit, Mezmerizing Llama's failure to institute any proactive policies intended to address the posting by others of copyright-infringing content on the Website constituted and constitutes the Defendants' willful blindness to copyright infringements occurring on the Website.

## VENUE

36. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

37. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because Mezmerizing Llama is subject to personal jurisdiction in Nevada.

38. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400(a), because the Defendants are subject to personal jurisdiction in Nevada.

## FACTS

39. The Works constitute copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

40. Righthaven is the owner of the copyright in and to the Cuffed Work.

41. The Cuffed Work was originally published on October 10, 2010.

42. On December 30, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Cuffed Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service

Request No. 1-541173262, and attached hereto as Exhibit 5 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

43. On or about October 12, 2010, the Defendants displayed, and continue to display, the Cuffed Infringement on the Website.

44. Righthaven is the owner of the copyright in and to the West Point Work.

45. The West Point Work was originally published on July 12, 2010.

46. On September 9, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the West Point Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-484454258, and attached hereto as Exhibit 6 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

47. On or about July 12, 2010, Mezmerizing Llama displayed, and continues to display, the West Point Infringement on the Website.

48. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Works.

49. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Works.

**FIRST CLAIM FOR RELIEF AS TO MEZMERIZING LLAMA AND MR. ATKINS: COPYRIGHT INFRINGEMENT OF THE CUFFED WORK**

50. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 49 above.

51. Righthaven holds the exclusive right to reproduce the Cuffed Work, pursuant to 17 U.S.C. § 106(1).

52. Righthaven holds the exclusive right to prepare derivative works based upon the Cuffed Work, pursuant to 17 U.S.C. § 106(2).

53. Righthaven holds the exclusive right to distribute copies of the Cuffed Work, pursuant to 17 U.S.C. § 106(3).

54. Righthaven holds the exclusive right to publicly display the Cuffed Work, pursuant to 17 U.S.C. § 106(5).

55. The Defendants reproduced the Cuffed Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

56. The Defendants created an unauthorized derivative of the Cuffed Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

57. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Cuffed Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

58. The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Cuffed Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

59. Mezmerizing Llama has willfully engaged in the copyright infringement of the Cuffed Work.

60. Mr. Atkins has willfully engaged in the copyright infringement of the Cuffed Work.

61. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

62. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Cuffed Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Cuffed Work, pursuant to 17 U.S.C. § 502.

**SECOND CLAIM FOR RELIEF AS TO MEZMERIZING LLAMA ONLY: COPYRIGHT INFRINGEMENT OF THE LONGHORNS WORK**

63. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 62 above.

64.     Righthaven holds the exclusive right to reproduce the West Point Work, pursuant to 17 U.S.C. § 106(1).

65.     Righthaven holds the exclusive right to prepare derivative works based upon the West Point Work, pursuant to 17 U.S.C. § 106(2).

66.     Righthaven holds the exclusive right to distribute copies of the West Point Work, pursuant to 17 U.S.C. § 106(3).

67.     Righthaven holds the exclusive right to publicly display the West Point Work, pursuant to 17 U.S.C. § 106(5).

68.     Mezmerizing Llama reproduced the West Point Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

69.     Mezmerizing Llama created an unauthorized derivative of the West Point Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

70.     Mezmerizing Llama distributed, and continues to distribute, an unauthorized reproduction of the West Point Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

71.     Mezmerizing Llama publicly displayed, and continues to publicly display, an unauthorized reproduction of the West Point Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

72.     Mezmerizing Llama has willfully engaged in the copyright infringement of the West Point Work.

73.     Mezmerizing Llama's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

74.     Unless the Mezmerizing Llama is preliminarily and permanently enjoined from further infringement of the West Point Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the West Point Work, pursuant to 17 U.S.C. § 502.

# PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Works by reproducing the Works, preparing derivative works based on the Works, distributing the Works to the public, and/or displaying the Works, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Works, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Works; and

    c. All financial evidence and documentation relating to the Defendants' use of the Works;

3. Direct Register.com, the current registrar for the Domain, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Works, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this eleventh day of January, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff Righthaven LLC*